# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRENDA WORLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0349**  (BOR Appeal No. 2046297)
                        (Claim No. 2010125822)

**PRO CAREERS, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Brenda Worley, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pro Careers, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 17, 2012, in which the Board affirmed an August 17, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 27, 2011, decision denying the request to add concussion with no loss of consciousness, post-concussion syndrome, and alteration of consciousness as compensable components of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Worley worked as a certified nursing assistant for Pro Careers, Inc. On November 26, 2008, while she was picking up a prescription for a patient at the pharmacy, she tripped over a traffic barrier in the parking lot and fell. She hit her right arm and head on the ground. She suffered several injuries including receiving a small laceration to her forehead above her left eyebrow. But her primary complaints were of neck pain, right elbow pain, and left knee pain. Her claim was held compensable for contusion of the face, contusion of the elbow, a non-

1

displaced fracture of the elbow, a contusion of the left knee, and a cervical strain. Within a few months of the injury, Ms. Worley began seeing Dr. Merva for her treatment. She began complaining of memory loss and speaking problems. She also complained of headaches. Dr. Merva's impression was that she received a closed head injury when she fell in the parking lot and he also found signs and symptoms of a concussion. But Dr. Merva performed an electroencephalogram (EEG) to measure Ms. Worley's brain activity and the tests results came back normal. Ms. Worley's claim was then submitted to the clinical psychologist, William Brezinski, M.A., who believed that Ms. Worley was not fully engaged in the evaluation process. Mr. Brezinski also found that Ms. Worley's symptoms were not related to a neuropsychological injury. Mr. Brezinski found that Ms. Worley's description of the accident and the medical records in the case were not consistent with any serious neuropsychologically significant head injury. Ms. Worley's claim was then submitted to Dr. Clayman who found that the records showed no signs of intracranial bleeding or a concussion. He also noted that the emergency room records following the injury made no mention of any psychological issues. Dr. Clayman found that Ms. Worley's symptoms were not substantiated by the medical evidence in the record and that it was not reasonable to believe that she suffered any injury to her brain. Dr. Merva then submitted an updated diagnosis form that included Ms. Worley's head injury and memory loss. On January 27, 2011, the claims administrator denied the request to add concussion with no loss of consciousness, post-concussion syndrome, and alteration of consciousness as compensable conditions of the claim. The Office of Judges affirmed the claims administrator's decision on August 17, 2011. The Board of Review then affirmed the Order of the Office of Judges on February 17, 2012, leading Ms. Worley to appeal.

The Office of Judges concluded that there was no evidence that Ms. Worley suffered a neuropsychological brain injury as a result of her compensable November 26, 2008, fall. The Office of Judges found that the evidence of record did not substantiate a conclusion that she sustained a concussion, post-concussion syndrome, and alteration of consciousness. The Office of Judges found that the only evidence that Ms. Worley suffered a brain injury is her statements to Dr. Merva. The Office of Judges found that there was no objective evidence indicating that she had suffered any brain injury. The Office of Judges noted that Mr. Brezinski had found no evidence of an organic brain injury and Dr. Clayman had found no evidence of any neuropsychological injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Worley has not demonstrated that she has sustained a neuropsychological brain injury which caused a concussion, post-concussion syndrome, and alteration of consciousness. Ms. Worley has also not established a causal connection between the requested conditions and her compensable injury. Although Ms. Worley has complained of memory loss and headaches, these subjective complaints are insufficient to justify adding the requested conditions when the objective medical evidence in the record shows no signs that she sustained a brain injury as a result of her compensable fall.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II